IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-50190
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRASIEL HUGHEY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:95-CR-229

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Frasiel Hughey appeals the 36-month sentence imposed by the district court following the revocation of his supervised release. Hughey was convicted in 1996 of two counts of fraud in connection with access devices in violation of 18 U.S.C. § 1029(a)(2), multiple counts of possessing counterfeit securities in violation of 18 U.S.C. § 513, and one count of bank fraud in violation of 18 U.S.C. § 1344. Hughey had been serving a five-year term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release for the bank fraud violation, which was a Class B felony, when he violated the terms of his supervised release.

Hughey does not disagree with the district court's determination that the statutory maximum sentence on revocation is 36 months or that the district court had the authority to impose the statutory maximum sentence. Rather, he contends that the 36-month sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553 and is therefore unreasonable.

A district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute. See 18 U.S.C. § 3583(e)(2). In doing so, the district court is to consider the factors set forth in § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. United States v. McKinney, 520 F.3d 425, 427-28 (5th Cir. 2008).

The record reflects that the district court considered the Chapter Seven policy statements and the § 3553(a) factors. The district court specifically noted Hughey's recidivism and the need to protect society from future crimes. Thus, the record reflects that Hughey's sentence is supported by the factors set forth in § 3553(a), particularly the need for the sentence to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from future crimes.

The district court committed no error, plain or otherwise, and Hughey's sentence is neither unreasonable nor plainly unreasonable. See McKinney, 520 F.3d at 428. The judgment of the district court is AFFIRMED.